NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LILIAN CHAVEZ DE SAGCHE,; FATIMA LAZARO, <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 24-6414 <br><br> Agency Nos. <br> A213-265-070 <br> A213-265-071 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2026**

Before: GOULD, FRIEDLAND, and MENDOZA, Circuit Judges.

Lilian Chavez De Sagche ("Petitioner"), a native and citizen of Guatemala,

petitions on behalf of herself and her daughter for review of an order of the Board

of Immigration Appeals ("BIA"). The BIA affirmed the decision of an

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Judge ("IJ") denying Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

1. "For both asylum and withholding claims, a petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). Petitioner argues that the BIA erred by reviewing the IJ's nexus determination for clear error, rather than de novo. "[T]he BIA reviews the IJ's underlying factual findings, such as what a persecutor's motive may be, for clear error." *Umana-Escobar v. Garland*, 69 F.4th 544, 552 (9th Cir. 2023). "But the BIA must review de novo . . . whether a protected ground was 'one central reason' (for asylum) or 'a reason' (for withholding of removal) for the past or feared harm." *Id.* (quoting *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021)). Here, the BIA correctly limited its clear error review to the IJ's factual findings as to the persecutors' motive. The BIA recited the correct standard that legal questions are reviewed de novo, and it explicitly recognized that the determination of a persecutor's actual motive is a factual inquiry.

Substantial evidence supports the agency's conclusion that Petitioner failed

to satisfy the nexus requirement. *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 893 (9th Cir. 2021) ("Because a persecutor's actual motive is a matter of fact, we review that finding for substantial evidence." (citation modified)). Petitioner's own testimony indicated that the individuals who targeted her husband were motivated solely by prospective criminal pecuniary gain. Petitioner herself was never harmed or targeted in Guatemala. Nothing in the record compels the conclusion that Petitioner would be persecuted based on her membership in any of her proposed social groups.[1] *Hussain v. Rosen*, 985 F.3d 634, 646 (9th Cir. 2021) ("[A]n applicant must show [that] he was individually targeted on account of a protected ground rather than simply the victim of generalized violence.").

2. The Government argues that Petitioner has forfeited any challenge to the agency's denial of relief under CAT. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021) (holding that failure to develop an argument in opening brief constitutes forfeiture). Assuming *arguendo* that the issue was properly preserved, substantial evidence supports the BIA's conclusion that Petitioner is not eligible for CAT relief. Petitioner's generalized evidence

---

[1] Because the lack of nexus is dispositive of Petitioner's asylum and withholding claims, the BIA did not err by declining to address the cognizability of her proposed social groups or Guatemala's ability or willingness to protect her. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

regarding widespread violence and crime in Guatemala does compel the conclusion that she specifically will suffer "an extreme form of cruel and inhuman treatment," 8 C.F.R. § 1208.18(a)(2), with the consent or acquiescence of a public official if removed to Guatemala. *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) ("Generalized evidence of violence and crime is insufficient to establish a likelihood of torture."); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (stating that "evidence that a government has been generally ineffective in preventing or investigating criminal activities [does not] raise an inference that public officials are likely to acquiesce in torture" absent additional evidence, which was not provided here).

**PETITION FOR REVIEW DENIED.**[2]

---

[2] The temporary administrative stay is lifted, and the motion to stay removal, Dkt. No. 2, is denied.